UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:  ) Case No. 08-15357
 )
WARREN J. REINHARD and ) Chapter 7
MICHELLE L. REINHARD, )
 ) Judge Pat E. Morgenstern-Clarren
            Debtors.  )
 ) **MEMORANDUM OF OPINION**

The debtor Michelle Reinhard claims as exempt from her chapter 7 estate assets from an IRA that she inherited prepetition from her father. The trustee challenges the exemption.[1] For the reasons stated below, the exemption is disallowed.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## ISSUE

May a debtor exempt an IRA inherited from a non-spouse from the bankruptcy estate under Ohio Revised Code § 2329.66(A)(10)(c)?

## FACTS

The parties stipulated to these facts:

Robert Dunn, the father of Michelle Reinhard, died on June 16, 2008. Mr. Dunn named Michelle Reinhard as a co-beneficiary of his individual retirement account. About a month later, Michelle and Warren Reinhard filed their chapter 7 case. Michelle Reinhard (the debtor) claimed

---

[1] Docket 32, 34, 38, 39, 40.

as exempt an account described in her amended schedules as "Investment Centers of America, Inc [IRA FBO [for the benefit of] Michelle Reinhard[,] Pershing LLC as Custodian B/O Robert A. Dunn, Deceased]." There are no stipulations as to how this account was established or what funds, if any, have been distributed from it. The IRA is valued at $44,405.95. The debtor did not contribute any wages or personal earnings to the IRA and she is prohibited by law from making any such contributions.

The debtor is 43 years old, married with three children, and works as a nurse.

## 11 U.S.C. § 522(b)

The filing of a bankruptcy case creates a bankruptcy estate that consists of all legal and equitable interests of the debtor in property. 11 U.S.C. § 541(a). A debtor may exempt–or remove–certain property from the estate so that the debtor has the means to make a fresh economic start. *See* 11 U.S.C. § 522. For debtors who file in Ohio, exemptions are determined under § 522(b)(3). *See* 11 U.S.C. § 522(b)(2) (permitting a state to opt-out of the federal bankruptcy exemptions); and OHIO REV. CODE § 2329.662 (in which Ohio elects to opt-out). Under § 522(b)(3)(A), a debtor may exempt property under Ohio law and under federal law other than § 522(d).[2] Exemptions are liberally construed in favor of the debtor. *In re Peacock*, 292 B.R. 593, 595 (Bankr. S.D. Ohio 2002). A trustee, as an objecting party, has the burden of proving that an exemption should not be allowed. FED. R. BANKR. P. 4003(c); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999).

---

[2] Additional exemptions set out in § 522(b)(3)(B) and (C) are also available, but are not at issue here.

## OHIO REVISED CODE § 2329.66(A)(10)(c)

The relevant statute in this case is Ohio Revised Code § 2329.66(A)(10)(c). The statute provides, with exceptions not applicable here, that a debtor may exempt:

> (c) . . . the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:
>
> > (i) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was eligible to deduct the contributions on the person's federal tax return for the year in which the contributions were made;
> >
> > (ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or education individual retirement account in the year that the contributions were made;
> >
> > (iii) Contributions of the person that are within the applicable limits on rollover contributions under subsections . . . 408(d)(3) . . . of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C.A. 1, as amended.

Stated differently, a debtor may exempt (1) assets held in any IRA; (2) that provides benefits by reason of illness, disability, death or age; (3) to the extent that the assets were "contributions of the person," (4) so long as the contributions are within the statutory limits.

## THE POSITIONS OF THE PARTIES

The debtor did not establish the IRA, but instead acquired her interest in it when her father died. As a result, the trustee takes the position that the account is an inheritance, not an IRA. The trustee also contends that "contributions of the person" in the provisions of § 2329.66(A)(10)(c) must refer to contributions of the debtor. Because the debtor did not

3

contribute anything to the account, the trustee concludes that the account may not be exempted from the estate.

The debtor responds that under Ohio's broad exemption statute, any IRA may be held exempt, regardless of who established and contributed to it.

## **DISCUSSION**

The parties have not cited any Ohio or Sixth Circuit law on the issue of whether assets in an IRA inherited from a non-spouse may be claimed as exempt under Ohio law, and the court has not found any in independent research. This appears, therefore, to be an issue of first impression.

Courts in other jurisdictions have analyzed this same issue based on the law of states other than Ohio. Most have concluded that a debtor may not exempt an IRA inherited from a non-spouse from the bankruptcy estate. *See, for example, In re Jarboe*, 365 B.R. 717 (Bankr. S.D. Tex. 2007) (under Texas law, the debtor was not entitled to exempt an IRA inherited from a non-spouse); *In re Kirchen*, 344 B.R. 908 (Bankr. E.D. Wisc. 2006) (under Wisconsin law, the debtor was not entitled to exempt an IRA inherited from a non-spouse); *In re Taylor*, No. 05-93559, 2006 Bankr. LEXIS 755 (Bankr. C.D. Ill. May 9, 2006) (under Illinois law, the debtor was not entitled to exempt an IRA inherited from a non-spouse); *In re Greenfield*, 289 B.R. 146 (Bankr. S.D. Cal. 2003) (under California law, the debtor was not entitled to exempt an IRA inherited from a non-spouse); *In re Navarre*, 332 B.R. 24 (Bankr. M.D. Ala. 2004) (under Alabama law, the debtor was not entitled to exempt an IRA inherited from a non-spouse); and *In re Sims*, 241 B.R. 467 (Bankr. N.D. Okla. 1999) (under Oklahoma law, the debtor was not entitled to exempt an IRA inherited from a non-spouse); *but see In re McClelland*, No. 07-40300, 2008 Bankr. LEXIS 41 (Bankr. D. Idaho Jan. 7, 2008) (under Idaho law, the debtor was entitled to exempt an IRA inherited from a non-spouse). Although both the debtor and the trustee cite

4

some of these cases, they acknowledge that Ohio's statute is worded differently than those of other states and that the plain meaning of Ohio's statute controls. *In re McCashen*, 339 B.R. 907, 911 (Bankr. N.D. Ohio 2006). For the reasons discussed below, the IRA at issue here clearly falls outside of the Ohio exemption provision.

The starting point is to distinguish a traditional IRA from an inherited IRA. A traditional IRA is intended to be a vehicle for individuals to save for their own retirements. To encourage people to participate, the Internal Revenue Code provides tax benefits to the taxpayer, with the exact benefits depending on the type of retirement vehicle selected by the individual. When the owner of an IRA dies, the Internal Revenue Code permits the contents of the IRA to go to someone other than the account owner's spouse, in which case the distribution is referred to as an inherited IRA. *See* 26 U.S.C. § 408(d)(3)(C). When an IRA is inherited by a non-spouse, the inheriting individual may not roll over any amounts into or out of the IRA, may not make contributions to it, and must begin to take distributions from it in a matter of years, regardless of the individual's health or age. *See* 26 U.S.C. § 408; 26 C.F.R. § 1.408-2(b)(7); IRS Publication 590 at 20 (2009).[3] Under these provisions, the person's right in the inherited IRA assets and to receive payments are not benefits provided "by reason of illness, disability, death or age," as required by Ohio Revised Code § 2329.66(A)(10)(c).

In addition, the debtor's inherited IRA does not meet the contribution requirements of § 2329.66(A)(10)(c). As this case does not involve a Roth IRA or an education IRA, the

---

[3] The court cannot say definitively when the debtor in this case must begin to take distributions, if she has not already, because the parties did not stipulate to the operative facts. The exact date is, however, not needed to resolve the issue before the court.

relevant contribution requirements are those set out in § 2329.66(A)(10)(c)(i) and § 2329.66(A)(10)(c)(iii).

Section 2329.66(A)(10)(c)(i) provides that a person may exempt assets held in an IRA if the "contributions of the person" come within certain statutory limits. The trustee says that because the debtor did not make any contributions to the inherited IRA, the account does not meet this requirement. The debtor argues that "the person" making the contributions can be anyone at all. A plain reading of the statute favors the trustee's interpretation. The statute says that a "person" may exempt property if the contributions of "the person" fall within a stated amount. The "person" referred to at the beginning of the sentence is certainly the debtor; there is nothing to show that the legislature intended the word "person" to mean one thing at the beginning of the sentence and another by the end. The use of the term person in this section unquestionably refers to the person who made contributions to the IRA. The parties stipulated that the debtor did not make any of the contributions to the account, which puts this account outside of the exemption.

Alternatively, the court considers whether the debtor may exempt the assets in the account under the theory that the assets were rolled over from one IRA to another. Reading the Ohio statute with the Internal Revenue Code, this argument is unavailing. Internal Revenue Code § 408(d)(3) applies to rollover contributions to an IRA. Under Ohio Revised Code § 2329.66(A)(10)(c)(iii), a person may exempt assets held in an IRA to the extent that the person's contributions to the IRA are within the applicable limits on rollover contributions under various provisions of the Internal Revenue Code, including 26 U.S.C. § 408(d)(3). The latter section states, however, that an inherited account is not subject to rollover treatment under § 408(d)(3)(C). As a result, even if the debtor's decision to maintain the funds in an IRA could

6

be viewed as a contribution within the meaning of the Ohio exemption law, the exemption is still not available because the inherited account is not entitled to be treated as a rollover under the Internal Revenue Code.

The debtor's inherited IRA does not come within the provisions of Ohio Revised Code § 2329.66(A)(10)(c) and the debtor may not exempt it from her bankruptcy estate.

## **CONCLUSION**

For the reasons stated, the trustee's objection to the debtor's claim of exemption in the inherited IRA is sustained. A separate order will be entered reflecting this decision.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge